UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| **DIRECTV, INC.** ) | Case No.: **03-CV-12254 RCL** |
| ) | |
| Plaintiff, ) | **JOINT STATEMENT OF THE PARTIES** |
| ) | **PURSUANT TO LOCAL RULE 16.1(D)** |
| vs. ) | |
| ) | |
| **Arthur Curry** ) | |
| ) | |
| Defendant ) | |

Now come the Plaintiff, DIRECTV, and the Defendant, Arthur Curry and pursuant to Local Rule 16.1(D), do hereby submit the following Joint Statement to this Honorable Court.

## I.   PARTIES' CONFERENCE

John M. McLaughlin, Counsel for the Plaintiff, Charles Schaub, counsel for the Defendant, do hereby certify that they have teleconferenced, on the issues required be discussed pursuant to this rule.

## II.   SETTLEMENT PROPOSAL

Counsel for the Defendant, does hereby certify that he received a Settlement Proposal from the Plaintiff accompanying the Joint Statement, pursuant to Local rule 16.1(C). Counsel for the Plaintiff does hereby certify that he presented said Settlement Proposal to the Defendant. At this time, the Defendant is not in a position to accept the Plaintiff's demand for settlement of the above matter.

## III.   MEDIATION

The Plaintiff is willing to go to mediation; the Defendant may be willing to pursue

#472779 v1

1

mediation after some Discovery has been done.

### IV.    JOINT STATEMENT AS TO DISCOVERY/MOTIONS

**Plaintiff's Position:** The following represents the Plaintiff's position on Discovery/ Motions and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order.

**1. Discovery**

The Plaintiff proposes that all discovery be completed by June 29, 2004.

The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation. The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions.

The Plaintiff proposes that the written discovery shall include, but not limited to, interrogatories, requests for production, and requests for admissions. Pursuant to Fed. R. Civ. P. 33, interrogatories shall be limited to 25 in number, including sub-parts. Pursuant to Fed. R. Civ. P. 34, each person shall have the opportunity to submit two sets of requests for production of documents and things to the other party.

**2. Expert Discovery**

    a.    The Plaintiff proposes that the Plaintiff disclose its expert by August 29, 2004

    b.    The Plaintiff proposes that the Defendant disclose his expert by September 29, 2004.

**3. Motions**

#472779 v1                                                                 2

      **a.** With respect to motions, the Plaintiff proposes that any motions filed pursuant to Fed. R. Civ. P. 12, 13, 14, 15, and 56 shall be filed no later than October 29, 2004 and the response to said motions shall be filed no later than November 29, 2004 or 30 days after the motion that is being responded to is filed

**Defendant's Position:** The following represents the Defendant's position on Discovery/ Motions and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order.

**1. Discovery**

    The Defendant proposes that all discovery be completed by March 31, 2004.

    The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation. The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions.

    The Defendant proposes that the written discovery shall include, but not limited to, interrogatories, requests for production, and requests for admissions. Pursuant to Fed. R. Civ. P. 33, interrogatories shall be limited to 25 in number, including sub-parts. Pursuant to Fed. R. Civ. P. 34, each person shall have the opportunity to submit two sets of requests for production of documents and things to the other party.

**2. Expert Discovery**

      a. The Defendant proposes that the Plaintiff disclose its expert by April 30, 2001

      b. The Defendant proposes that the Defendant disclose his expert by May 15, 2004.

#472779 v1                                          3

**3. Motions**

With respect to motions, the Defendant proposes that any motions filed pursuant to Fed. R. Civ. P. 12, 13, 14, 15, and 56 shall be filed no later than June 1, 2004 and the response to said motions shall be filed no later than 30 days after the motion that is being responded to is filed.

**4.Trial**

Trial should be scheduled in July or August so that it is concluded by September 1, 2004

## V.    CERTIFICATION

Counsel for the Plaintiff counsel for the Defendant and the Parties certify by their signatures below and all pursuant to Local Rue 16.1(D) that each Party and said Parties Counsel have conferred as to:

1.  Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and,

2.  To consider the resolution of litigation to the use of alternative dispute resolution programs.

## VI.    CONSENT TO APPEAR BEFORE A MAGISTRATE

The Plaintiff and Defendant are amenable to Trial before a Magistrate.

Respectfully Submitted for the Plaintiff,
By Its Attorney,

_____
John M. McLaughlin
**McLaughlin Sacks, LLC**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328

2/3/04
_____
Date

_____
John Green, Duly Authorized Agent
for Plaintiff

Respectfully Submitted for the Defendant By His Attorney,

_/s/ Charles E. Schaub, Jr._
Charles E. Schaub, Jr.
**Hinckley, Allen & Snyder LLP**
28 State Street
Boston, MA 02109
617-345-9000

The Defendant,

_/s/ Arthur Curry_
Arthur Curry

#472779 v1

7